# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JANICE REDFIELD, | Case No. 1:17-cv-01687-DAD-SAB |
|---|---|
| Plaintiff, | ORDER DENYING STIPULATION TO MODIFY SCHEDULING ORDER WITHOUT PREJUDICE |
| v. | |
| ALLIED HEALTHCARE PRODUCTS, INC., et al., | (ECF No. 34) |
| Defendants. | |

On March 19, 2018, the Court issued a scheduling order setting pretrial deadlines and the trial date for this action. (ECF No. 21.) On March 26, 2019, the parties filed a stipulation to amend the discovery deadlines and reset the settlement conference due to the need to complete additional discovery, including "numerous fact witness depositions that need to be completed" prior to continuing settlement negotiations, and because the parties are in the process of completing a stipulated protective order regarding confidential discovery documents. (ECF No. 34.)

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). The March 18, 2018 scheduling order provides that "[i]f the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court <u>immediately</u> of that fact so that adjustments may be made, either by stipulation or

1

by subsequent status conference." (ECF No. 21 (emphasis added).) The parties' stipulation requests that the nonexpert discovery cutoff be extended, however it is nearly thirty days after the expiration of the nonexpert discovery cutoff, which expired on March 1, 2019. The parties' late filing does not demonstrate immediate notification of the need to adjust the scheduling order, which was issued more than one year ago. Further, the scheduling order provides that:

> Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.

(ECF No. 21.) The stipulation provided does not attach affidavits or declarations which are required for the Court to consider the stipulation and to determine whether good cause exists to alter the scheduling order. The parties have not shown what efforts have been made to date to obtain the needed discovery during the pendency of this action.

Further, the parties have not addressed the impact on the dispositive motion deadline currently set for May 28, 2019, and the pre-trial conference, currently set for July 22, 2019. The district judges are extremely impacted by cases and schedules are set based upon an understanding that the parties will conduct their case consistent with the scheduling order, absent good cause. Therefore, the Court cannot find that the parties have demonstrated good cause to modify the discovery deadline in this instance. The stipulation to amend the scheduling order shall be denied without prejudice and the parties may seek amendment of the scheduling order but are required to demonstrate that they meet the good cause standard to extend the deadlines in this action which includes a showing that they have been diligent in attempting to meet the discovery deadlines.

Pursuant to 28 U.S.C. § 636(c), the parties can consent to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone. The parties are informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, they are encouraged to consent to magistrate judge jurisdiction in an effort to have their case adjudicated in a timely and cost effective manner. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction

without adverse substantive consequences.

Based on the foregoing, the stipulation to amend the scheduling order is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: __**March 27, 2019**__  
_____  
UNITED STATES MAGISTRATE JUDGE